### FUNK & WAGNALLS CO. v. BRUENN.

(Supreme Court, Appellate Term, First Department.  June 17, 1913.)

CONTRACTS (§ 28*)—EVIDENCE—CONVERSATION BY TELEPHONE.

There is no competent evidence of a parol contract with defendant; the only basis for assuming that plaintiff had conversed with defendant being that at the office of a large corporation, which he had called up by telephone, he had asked for a person by defendant's name, and some one had responded and had the conversation with him.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133–140, 1755, 1782–1784, 1785½, 1820, 1821; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Funk & Wagnalls Company against Louis S. Bruenn. From a judgment for plaintiff, after a trial without a jury, defendant appeals.  Reversed, and new trial granted.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Samuel Greenbaum, of New York City (M. Angelo Elias, of New York City, on the brief), for appellant.

Loeb, Bernstein & Ash, of New York City (Milton B. Loeb, of New York City, of counsel), for respondent.

BIJUR, J.  This action was brought to recover the balance of the purchase price of a set of books alleged to have been bought by defendant from plaintiff.

The only proof that defendant had made the contract of purchase was offered by an agent of plaintiff in the shape of conversations he claimed to have had with defendant.  On cross-examination, it appeared that these conversations had been held over the telephone, and that plaintiff had never seen the defendant and did not know him. The only basis for assuming that he had conversed with the defendant was that at the office of a large corporation, which he had called up, he had asked for a person by defendant's name, and some one had responded.  Defendant's attorney then moved to strike out all this evidence, and excepted to a denial of his motion.  It is not necessary to cite authorities to the effect that the evidence was incompetent.

---

Other error was also committed by the learned trial judge in admitting a copy of an agreement without proof that the original was not available.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.